## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DARRIN JAMES TIERNAN, on behalf of himself and others similarly situated,<br><br>     Plaintif,<br><br> vs.<br><br>NATIONAL CARRIERS, INC.,<br><br>     Defendant. | Case No.: 3:25-cv-01249 |

Plaintiff Darrin James Tiernan (hereinafter "Plaintiff") on behalf of himself and others similarly situated, by and through his attorneys, Consumer Attorneys PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendant National Carriers, Inc. (hereinafter "National Carriers" or "Defendant") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for its violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.*

2. Upon information and belief, during the last three (3) years, Defendant carried out an unlawful payroll policy and practice by failing to pay Plaintiff and others similarly situated the minimum wage for all worked hours and proper overtime compensation as required by federal law.

3. Defendant further retaliated against Plaintiff for complaining about Defendant's unlawful payroll policy and requesting accurate compensation for his work as required by federal law by terminating Plaintiff's employment.

4.      Indeed, Plaintiff worked for Defendant since March 27, 2023, through the date of Plaintiff's retaliatory termination on or about May 19, 2023, after he complained about wages.

5.      Plaintiff has initiated this action on behalf of himself and others similarly situated to recover unpaid minimum wages and overtime compensation he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Defendant's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.      Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant's principal place of business was at all relevant times in Texas.

8.      At all times material hereto, Plaintiff performed driving duties for the benefit of Defendant.

9.      At all times relevant, Defendant engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s) and earned revenues in excess of $500,000.00 per year.

10.     Plaintiff falls within the protections of the FLSA because he engaged in interstate commerce by traveling across state lines with various goods.

## PARTIES

11.     Plaintiff is an adult individual who is and was a resident of Louisiana in Ouachita Parish.

12.     Plaintiff was employed by Defendant in the State of Louisiana during the period of about March 27, 2023, through May 19, 2023.

2

13.    Defendant is a business entity formed under the laws of Kansas with a principal place of business located at 3925 Carbon Road, Irving, TX 75038.

## STATEMENT OF FACTS

14.    Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiff and others similarly situated for all hours worked.

15.    Plaintiff began working for Defendant on or about March 27, 2023, as a Driver with job duties entailing driving.

16.    While employed, Plaintiff typically and customarily performed compensable driving and related job duties for the benefit of Defendant and its customers with an official work schedule of Monday through Sunday, from about 8:00 AM to around 6:00 PM for a total of seventy (70) hours a week.

17.    During the relevant work period, Plaintiff should have been paid the minimum wage consisting of $7.25 per hour for all hours worked, which would total $507.50 per week.

18.    However, during some of the weeks he worked, Plaintiff earned less than $507.50 per week.

19.    Because Plaintiff was entitled to be paid at least $507.50 per week rather than what he received, Defendant is liable to Plaintiff for the difference plus liquidated damages, interest, attorneys' fees, and costs.

20.    At all times relevant, Defendant had actual or constructive knowledge that it was obligated to pay Plaintiff the federally mandated minimum wage for all hours worked.

21.    At all times relevant, Defendant had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform work for up to seventy (70) hours per week.

22.     At all times relevant, Defendant had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff all wages owed in accordance with the law.

23.     On or about May 19, 2023, Plaintiff complained to Defendant about inaccurate compensation that had been taking place since the beginning of his employment.

24.     Plaintiff's complaint of inaccurate compensation and wage discrepancy was a protected activity.

25.     Only one (1) day following Plaintiff's complaint of inaccurate compensation, Defendant retaliated against Plaintiff by terminating his employment.

26.     The short temporal proximity between Plaintiff's complaint and his subsequent termination establishes retaliatory intent by Defendant.

27.     Defendant's anticipated proffered legitimate, non-retaliatory reasons are pretextual, given that he was not terminated earlier when the alleged incidents occurred, but only shortly after his complaint of wages.

28.     Plaintiff would not have been terminated from his position had he not complained of inaccurate compensation.

29.     As a result of Defendant's violation and failure to pay proper wages, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his hours worked in compliance with the FLSA.

30.     Plaintiff suffered concrete harm resulting from Defendant's violation of the FLSA by retaliating against Plaintiff by terminating him for complaining of inaccurate compensation.

31.    As a result of these violations of these laws, Plaintiff seeks compensatory damages, liquidated damages, back pay, front pay, and emotional distress damages in an amount to be determined at trial.

32.    Plaintiff also seeks interest (pre-judgment and post-judgment), attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33.    Plaintiff brings this action individually and as representatives on behalf of all their current and former employees who have been or were employed by Defendant within the statutory period of three (3) years (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage rate for all hours worked each workweek (the "Collective Action Members").

34.    The collective action class is so numerous that joinder of all members is impracticable.

35.    Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately forty (40) Collective Action Members who worked for the Defendant during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

36.    Therefore, Plaintiff submit that this matter should be certified as a collective action under the FLSA 29 U.S.C. § 216(b).

37.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

38.     Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

39.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

40.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

41.     Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

42.     There will be no difficulty in the management of this action as a collective action.

43.     Questions of law and fact common to the members of the collection action predominate over questions that may affect only individual members because Defendant have acted on grounds generally applicable to all members.

44.     Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.  Whether the Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.  Whether the Defendant failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d.  Whether the Defendant failed to pay Plaintiff and the Collective Action Members minimum wage for all hours worked in violation of the FLSA and the regulations promulgated thereunder;

e.  Whether the Defendant properly treated Plaintiff and the Collective Action Members as exempt from overtime compensation for all hours worked in excess of forty (40) hours per workweek;

f.  Whether the Defendant retaliated against Plaintiff and the Collective Action Members for complaining of inaccurate compensation by terminating their employment following the protected activity in violation of the FLSA and the regulations promulgated thereunder;

g.  Whether the Defendant is liable for all damages claimed hereunder, including but not limited to, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorney's fees.

45.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

46.    Plaintiff and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## FIRST CAUSE OF ACTION OF THE PLAINTIFF
### Unpaid Wages in Violation of FLSA, 29 U.S.C. § 201, *et seq.*

47.    Plaintiff repeats, realleges and incorporates all previous paragraphs.

48.    The FLSA permits an employee to recover wages for as long as three (3) years prior for willful violations.

49.    Under the FLSA any wages recovered are doubled for "liquidated damages," and entitle Plaintiff to recover attorneys' fees based on the number of hours his attorneys worked on his claims at their reasonable hourly rates, in addition to pre-judgment interest, post-judgment interest, and costs.

50.    An employer that fails to pay at least the minimum wage must pay the employee the balance of wages owed and liquidated damages equal to the amount of wages owed.

51.    An employer that fails to pay proper overtime wages must pay the employee the balance of wages owed and liquidated damages equal to the amount of wages owed.

52.    Plaintiff regularly worked up to seventy (70) hours per week and was not paid at least the minimum wage for all hours worked.

53.    Plaintiff has been harmed in that he did not receive compensation to which he was entitled.

54.    By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

55.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

56.     Because Defendant's violations of the FLSA were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

57.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, interest (pre-judgment and post-judgment) and all other available remedies under the FLSA.

**SECOND CAUSE OF ACTION OF THE PLAINTIFF**
**<u>Retaliation in Violation of FLSA, 29 U.S.C. § 201, <i>et seq.</i></u>**

58.     Plaintiff repeats, realleges and incorporates all previous paragraphs.

59.     The FLSA, 29 U.S.C. § 201, et seq. establishes minimum wage and overtime pay requirements.

60.     Defendant terminated Plaintiff's employment and has taken action in retaliation of Plaintiff complaining about Defendant's pay practice of not paying proper minimum wages or overtime compensation.

61.     Defendant ordered the termination of Plaintiff's employment was due to, *inter alia*, his complaining about his right to receive an overtime premium.

62.     Plaintiffs' termination of employment constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

63.     Defendant knowingly, willfully, maliciously, intentionally and without justification acted to deprive Plaintiff of his rights.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff on behalf of himself and Collective Action Members, respectfully requests that this Court grant the following relief:

9

A. Against Defendant in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

D. Designation of Plaintiff as Representative of the Collective Action Members;

E. Such other injunctive and equitable relief as this Court shall deem just and proper.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: May 16, 2025

*/s/ Moshe O. Boroosan*
Moshe O. Boroosan, NY Bar No. 5429915
**CONSUMER ATTORNEYS, PLLC**
68-29 Main Street
Flushing, NY 11367
Telephone: (718) 887-2926
Fax: (718) 715-1750
E: mboroosan@consumerattorneys.com

Emanuel Kataev, Esq.
*Pro Hac Vice Forthcoming*
68-29 Main Street
Flushing, NY, 11367
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Darrin James Tiernan*