IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRIN J. TIERNAN, on behalf of himself and others similarly situated, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Case No. 3:25-cv-01249-L-BT |
| NATIONAL CARRIERS, INC., | § § § | |
| Defendant. | | |

## PHASE 1 SCHEDULING ORDER

The District Judge referred this Fair Labor Standards Act action to United States Magistrate Judge Rebecca Rutherford under 28 U.S.C § 636(b) and a standing order of reference. Order (ECF No. 17). Pursuant to Fed. R. Civ. 16(b) and the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas, the Court enters this Phase 1 Scheduling Order. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the Northern District of Texas must be observed.

1. **Initial Disclosures:** Pursuant to Fed. R. Civ. P. 26, the parties must make initial disclosures by **August 29, 2025**.

2. **Amendment of Pleadings and Joinder of Parties:** Amended pleadings, including amendments joining additional parties, must be filed by **October 24, 2025**. Motions for leave to amend the pleadings or join additional parties need not be filed so long as the amendment is filed within the deadline set in this paragraph. After **October 24, 2025**, a party may amend its pleadings or join additional parties only with leave of Court, upon a showing of good cause.

    a. **Redline Requirement:** The party seeking leave to amend or join additional parties shall attach a redlined version of the prior pleading as an exhibit to any motion for leave.

    b. **Response to Amended Pleading:** The deadline to file a response to an amended pleading is 21 days after the date the amended

1

pleading is served, notwithstanding expiration of the amended pleading deadline.

3.  **Motion Practice:**

    a.  **Motion for Collective Class Action Certification:** Plaintiffs shall file their Motion for Collective Class Action Certification by **March 27, 2026**. The motion must otherwise comply with Northern District of Texas Local Civil Rule 23.2 (except paragraph (f)), and must be accompanied by a supporting brief and all supporting evidence, including expert testimony, if any. Responses to Plaintiffs' Motion for Collective Class Action Certification are due no later than **April 17, 2026**. Replies in support of Plaintiffs' Motion for Collective Class Action Certification are due no later than **May 1, 2026**.

    b.  **Dispositive Motions:** All motions that would dispose of all or any Plaintiff Darrin J. Tiernan's individual claims, including motions for summary judgment, must be filed by **May 15, 2026**. The deadline for filing dispositive motions will not be modified except upon written motion for good cause shown.

    c.  **Nondispositive Motions:** Before filing a nondispositive motion, the moving party's counsel, or the unrepresented party, must confer with the attorney, or the unrepresented party, for each party affected by the requested relief to determine whether the motion is opposed. Each motion must include a certificate of conference that complies with Local Civil Rule 7.1(b).

    d.  **Sealed Materials**: Parties must not unreasonably file pleadings, motions, or other papers under seal. *See June Med. Servs., LLC v. Phillips*, 22 F. 4th 512, 520 (5th Cir. 2022); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Private or sensitive information, including social-security numbers, taxpayer-identification numbers, financial-account numbers, minors' names, and dates of birth, should be redacted from any document filed with the Court.

    e.  **Courtesy Copies**: The Court does **<u>not</u>** require courtesy copies of any pleadings, motions, or other documents filed on the docket.

    f.  **Oral Argument**: The Court routinely sets discovery motions for hearing on an expedited basis and allows oral argument on nondiscovery motions on a case-by-case basis. *See* N.D. Tex. L. Civ. R.

2

7.1(g). Counsel should advise the Court if they believe oral argument would be particularly helpful in a given matter. If the Court sets a motion for hearing, it will require counsel for both parties to attend the hearing in person.

g. **Proposed Orders**: Every motion must be accompanied by a proposed order that is set forth separately. *See* N.D. Tex. L. Civ. R. 7.1(c). An agreed proposed order must be signed by the attorneys or parties. Movants should submit proposed orders via the Court's Electronic Case Filing system.

4. **Phase 1 Discovery:** Discovery in Phase 1 will be limited to issues relating to Plaintiffs' Motion for Collective Class Action Certification and Plaintiff Darrin J. Tiernan's individual claims. All Phase 1 discovery must be completed by **February 27, 2026**. Completion of discovery means that the discovery must be sent or done so that the answers or responses are produced on or before the deadline date herein set forth.

5. **Phase 2 Discovery:** After ruling on the Plaintiffs' Motion for Collective Class Action Certification, the parties shall file a joint report and proposed scheduling order addressing all remaining deadlines by either:

   a. If the Court grants collective action certification, then 30 days after the close of the collective action opt-in notice period;

   b. If the Court denies collective action certification, then 30 days after the Court's order on the same; or

   c. If Plaintiffs do not file a motion for certification, then 30 days after the deadline for such motion.

6. **Settlement Status Report and Settlement Conference:** Counsel are directed to confer and file with the court by **November 20, 2025**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case. If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred. No later than **March 6, 2026**, the parties and their respective lead counsel must meet in person or by telephone conference to discuss settlement of this case. All parties must make a good faith effort to settle this case. At the conclusion of this conference, counsel must immediately notify the court in writing of the participants' names and capacities, and the results of the settlement conference.

7. **Modification of Phase 1 Scheduling Order:** A motion for an extension of any deadline set herein must be made prior to its expiration. This order shall control the disposition of Phase 1 discovery unless it is modified by the Court upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 16(b).

8. **Noncompliance:** The failure to comply with any part of this order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f). Should any party or counsel fail to cooperate in accomplishing anything required by this order, that party or counsel or both may be subject to sanctions, including dismissal or entry of default.

9. **Communications with the Court:** Attorneys are discouraged from contacting chambers except in rare emergencies. Parties may not bring the Court procedural or scheduling questions that can be addressed by the Federal Rules of Civil Procedure, the Local Civil Rules for the Northern District of Texas, the Court's Scheduling Order, or any prior Court order related to the calling attorney's or litigant's case. The Court's staff will not discuss any substantive aspects of a specific case, the status of a pending motion, give legal advice, opine on the Court's preferences in a motion to the Court, or predict what the Court will do on a given matter. Please do not inquire about the status of pending motions. If there are extenuating circumstances regarding a pending motion that should be brought to the Court's attention, please electronically file an appropriate notice or request for relief via the CM/ECF system. Unless directed by the Court, do not email the Court or any court staff.

10. **Referrals to the United States Magistrate Judge:** The Court referred this case to the United States Magistrate Judge for pretrial management. Local Civil Rules 72.1 and 72.2 provide that, unless otherwise directed by the presiding district judge, a party who files objections under Federal Rules of Civil Procedure 72(a) and (b)(2) to magistrate judge orders regarding pretrial nondispositive matters, or findings and recommendations on dispositive motions, may file a reply brief within 14 days from the date the response to the objections or response brief is filed. The court does not allow parties to file a reply brief with respect to magistrate judge orders or findings and recommendations, unless leave is granted to file the reply brief. The court will strike or disregard any reply brief filed in violation of this order.

11. **Consent:** The parties may consent to have further proceedings in this case conducted by Judge Rutherford.[1] *See* 28 U.S.C. § 636(c). Consent to the authority of the magistrate judge is voluntary, and any party is free to withhold consent without adverse substantive consequences. However, a magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the court of appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to Judge Rutherford to conduct all further proceedings, including any trial, and enter a final judgment, in accordance with 28 U.S.C. § 636(c). If parties do not consent, Judge Rutherford will make findings and recommendations in the case pursuant to 28 U.S.C. § 636(b).

12. **Notice:** Counsel shall provide a copy of this order and any other order or written decision issued by the Court to his or her respective client(s).

13. **Rule 11 Warning Regarding Generative Artificial Intelligence**: Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). And by presenting to the court a pleading, written motion, or other paper, "whether by signing, filing, submitting, or later advocating it," an attorney or self-represented litigants certifies—among other things—the claims, defenses, and other legal contentions are warranted by existing law and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). Attorneys and self-represented litigants are cautioned against submitting to the Court any pleading, written motion, or other paper drafted using generative artificial intelligence (e.g., ChatGPT, Harvey.AI, or Google Bard) without checking the submission for accuracy by traditional means (using print reporters or reputable legal databases). Any attorney or self-represented litigant who signs a pleading, written motion, or other paper submitted to the Court will be held responsible for the contents of that filing under Rule 11, regardless of whether generative artificial intelligence drafted any portion of that filing. *See* Fed. R. Civ. P. 11(c) (providing for imposition of an "appropriate sanction"—including nonmonetary directives, a penalty payable to the court, or payment to the opposing party of attorney's fees and expenses directly

---

[1] The parties may utilize the electronic consent option available through PACER to advise the Court of their consent: https://ecf.txnd.uscourts.gov/cgi-bin/ShowIndex.pl.

resulting from the violation—if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated).

**Questions**: Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.


**SO ORDERED.**


October 15, 2025.


REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE
