## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DARRIN JAMES TIERNAN, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>NATIONAL CARRIERS, INC.,<br><br>        Defendant. | Case No.: 3:25-cv-1249-L-BT (SAL) (RAR)<br><br>**DECLARATION OF DARRIN JAMES TIERNAN** |

Darrin James Tiernan declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.    I am the Plaintiff in the above-referenced case, and am an individual who is a citizen of the State of Louisiana residing in the County of Monroe.

2.    As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of documents maintained by my attorneys related to this case.

3.    I respectfully submit this declaration in support of my pre-discovery motion for conditional collective action certification and court-authorized notice to potential opt-in plaintiffs pursuant to 29 U.S.C. § 216(b) (hereinafter the "Motion").

4.    I was employed by the Defendants from March 27, 2023 through May 19, 2023 as a Driver.

5.    Defendant owns and operates a business which provides transportation services.

6.      While employed by Defendant, I was expected to work a schedule of approximately seventy (70) hours per week, on Monday through Sunday, from at least 8:00 AM to around 6:00 PM.

7.      On some occasions, I worked on deliveries that took two (2) days, meaning that I was required to work overnight, or otherwise late nights and early mornings outside of my typical schedule.

8.      During my tenure with Defendant, there were weeks in which I made less than $507.50 per week, which means I was paid less than the minimum wage of $7.25 per hour for all hours worked.

9.      During some weeks, I was paid as low as $300.00.

10.     I was not paid at all for the last week I worked for Defendant.

11.     During my entire tenure with the Defendant, there were many weeks (if not most weeks, if not all weeks) in which Defendant failed to me the proper minimum wage and overtime compensation.

12.     I am not special; Defendant treated all employees in this manner.

13.     At any given time, my location had about nine (9) other Drivers like me working under the same common plan and policy of Defendants which violates the Fair Labor Standards Act ("FLSA").

14.     During my employment with Defendant, I thus became aware that these other Drivers were subjected to the same or similar job duties, schedules, and compensation policies.

15.     Further, from orientation, I know that all of Defendant's employees are subject to the same or similar pay practices and policies.

16.     This leads me to believe that Defendant's employees have a desire to opt-in to this lawsuit.

17.     From working with Defendant, I also became aware that Defendant has multiple locations, each with its own set of Drivers subject to the same or similar pay practices and policies.

18.     For example, while the location I worked at may have been the smallest and had only nine (9) Drivers at most, Defendant has a much larger location in Kansas.

19.     It has come to my attention that, in total, Defendant has over two hundred (200) employees, which I learned based on a simple internet search about the Defendant.

20.     For these reasons and those discussed in the accompanying memorandum of law, the I respectfully request that the Motion be granted.

21.     I thank this honorable Court for its time and attention to this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2026.

*Darrin Tiernan*

Darrin James Tiernan